IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Lisa M. Tench, | ) | Civil Action No.: 6:10-cv-00691-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff, Lisa M. Tench, brought this action pursuant to 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act.

## Procedural History

Plaintiff applied for DIB and SSI benefits on November 2, 2007, alleging that she became unable to work on June 15, 2006. Transcript (Tr.) at 81-97. The applications were denied initially and on reconsideration. On May 6, 2008, Plaintiff requested a hearing before the Administrative Law Judge ("ALJ"). *Id.* at 79. A hearing was held on July 17, 2009, at which Plaintiff appeared and testified. After hearing testimony from a vocational expert, the ALJ issued a decision dated October 26, 2009, finding that Plaintiff was not disabled. The ALJ's finding became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for further review on March 9, 2010. *Id.* at 1.

On March 18, 2010, Plaintiff filed this action seeking judicial review of that decision. *See* Compl. [Docket Entry 1]. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(a),

D.S.C., this action was referred to United States Magistrate Judge Kevin F. McDonald.  The Magistrate Judge issued his [Docket Entry 20] Report and Recommendation ("R & R") on April 1, 2011, recommending that the Commissioner's decision be reversed and remanded for further proceedings.  Commissioner timely filed objections to the R & R on April 13, 2011, *see* Obj. [Docket Entry 22], to which Plaintiff replied on April 27, 2011, *see* Reply [Docket Entry 24].

### Substantial Evidence Standard

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one.  Section 405(g) of that Act provides: "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).  "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964).  "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotations and citations omitted).  This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See*, *e.g.*, *Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299, 302 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1973).  "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969).  "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assume that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is

rational." *Vitek*, 438 F.2d at 1157-58.

### Relevant Background and Law

Plaintiff was born on October 22, 1968, and was 40 years old at the time of her hearing. Plaintiff did not finish highschool but has earned her GED. Plaintiff has worked in food preparation and as a cashier at a restaurant, in laundry and housekeeping at a nursing home, as a newspaper delivery person, as a seamstress, and as a "general laborer" for a staffing agency. Tr. at 133. She alleges disability since June 15, 2006, due to fibromyalgia, depression disorder, anxiety disorder, cervical degenerative disc disease, lumbar disc bulge, and obesity.

In her appeal to this district court, Plaintiff argues that the ALJ's decision was not supported by substantial evidence and that the ALJ erred by: (1) improperly evaluating the opinion of her treating physician, (2) failing to include restrictions related to Plaintiff's depression in assessing her residual functional capacity ("RFC"), (3) giving evidentiary weight to form SSA-831 and stating that Plaintiff waived all issues not specifically raised at the hearing, and (4) improperly evaluating her subjective complaints. *See* Plaintiff's Brief [Docket Entry 9] at 3-8.

Under the Social Security Act, Plaintiff's eligibility for the benefits she is seeking hinges on whether she is under a "disability." 42 U.S.C. § 423(a). The term "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." *Id.* § 423(d)(1)(A). "The ultimate burden to prove disability lies on the claimant." *Preston v. Heckler*, 769 F.2d 988, 991 n.* (4th Cir. 1985). A claimant may establish a *prima facie* case of disability based solely upon medical evidence by demonstrating that her impairments meet or equal the medical criteria set forth in

Appendix 1 of Subpart P. 20 C.F.R. § 404.1520(d).

If such a showing is not possible, a claimant may also establish a *prima facie* case of disability by proving that she could not perform her customary occupation as the result of physical or mental impairments. *See Taylor v. Weinberger*, 512 F.2d 664 (4th Cir. 1975). Because this approach is premised on the claimant's inability to resolve the question solely on medical considerations, it then becomes necessary to consider the medical evidence in conjunction with certain "vocational factors." 20 C.F.R. § 404.1560(b). These factors include the individual's (1) "residual functional capacity," *id.* § 404.1560; (2) age, *id.* § 404.1563; (3) education, *id.* § 404.1564; (4) work experience, *id.* § 404.1565; and (5) the existence of work "in significant numbers in the national economy" that the individual can perform, *id.* § 404.1560. If the assessment of the claimant's residual functional capacity leads to the conclusion that he can no longer perform his previous work, it must be determined whether the claimant can do some other type of work, taking into account remaining vocational factors. *Id.* § 404.1560. The interrelation between these vocational factors is governed by Appendix 2 of Subpart P. Thus, according to the sequence of evaluation suggested by 20 C.F.R. § 404.1520, it must be determined: (1) whether the claimant is currently gainfully employed, (2) whether he suffers from some physical or mental impairment, (3) whether that impairment meets or equals the criteria of Appendix 1, (4) whether, if those criteria are not met, the impairment prevents him from returning to his previous work, and (5) whether the impairment prevents him from performing some other available work.

In the instant matter, the ALJ made the following findings:

(1) The claimant meets the insured status requirements of the Social Security Act through September 30, 2011.

4

(2) The claimant has not engaged in substantial gainful activity since June 15, 2006, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

(3) The claimant has the following severe combination of impairments: obesity, mild cervical degenerative disc disease, fibromyalgia, depression and history of anxiety (20 CFR 404.1520(c) and 416.920(c)).

(4) The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

(5) After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium exertional work as defined in 20 CFR 404.1567(c) and 416.967(c) involving only occasional climbing ladders, ropes or scaffolds and frequent climbing of ramps or stairs, balancing, stooping, kneeling, crouching or crawling; avoiding concentrated exposure to hazards; limited to simple routine and repetitive tasks for 2 hour periods and frequent contact with the public.

(6) The claimant is capable of performing past relevant work as a food prep person (in the back and not at the cashier level), laundry worker and sewer. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

(7) The claimant has not been under a disability, as defined in the Social Security Act, from June 15, 2006 through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

Tr. at 16-23.

In his R & R, the Magistrate Judge recommended that "the Commissioner's decision [should] be reversed under sentence four of 42 U.S.C. § 405(g), with a remand of the ca[]se to the Commissioner for further proceedings." R & R at 17. The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report

to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## Discussion

I.     Plaintiff did not file objections

As an initial matter, the court notes that the Magistrate Judge determined three (3) of Plaintiff's arguments to be without merit. First, the Magistrate Judge concluded "that the ALJ's RFC finding limiting the plaintiff to 'simple, routine repetitive tasks for two hour periods' and frequent, rather than constant, contact with the public . . . appropriately took the plaintiff's limitations into account and was based upon substantial evidence." R & R at 12-13. Second, the Magistrate Judge concluded that Plaintiff's "argu[ment] that the ALJ erred by giving evidentiary weight to Form SSA-831" was without merit. *Id.* at 13-14. Finally, the Magistrate Judge found that "the plaintiff ha[d] failed to point to any issue that was deemed by the ALJ to have been waived and further [had] failed to show how she ha[d] been harmed by the ALJ's statement," therefore concluding that "this [was] harmless error at best." *Id.* at 14. Plaintiff did not file objections to these recommendations.

6

Accordingly, after reviewing the face of the record for clear error and finding none, the court adopts these recommendations of the Magistrate Judge. *See Diamond*, 416 F.3d at 315.

II.    Treating Physician

In his R & R, the Magistrate Judge concluded that the ALJ failed to properly evaluate the opinion of Plaintiff's treating physician, Dr. Baxley.    The Social Security Administration's regulations provide that, "[r]egardless of its source, [it] will evaluate every medical opinion [it] recieve[s]." 20 C.F.R. § 404.1527(d).  Generally, more weight is given to the opinion of examining physicians than non-examining physicians. *Id.* § 404.1527(d)(1).   More weight is also given to opinions from treating sources because "these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s)." *Id.* § 404.1527(d)(2).  Moreover, the opinion of a treating physician is entitled to "controlling weight" if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimaint's] case record." *Id.*; *see also Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001).   Thus, "[by] negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996).

If a treating physician's opinion is not given "controlling weight," it should be evaluated and weighed pursuant to the following non-exclusive list: "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." *Johnson v. Barnhart*, 434 F.3d 650, 654 (4th Cir. 2005) (citing 20 C.F.R. § 404.1527 (2005)); *see also* 20 C.F.R. § 416.927(d)(2)-(5).   The regulations further provide that the

Social Security Administration "will always give good reasons in [its] notice of determination or decision for the weight [it] give[s] [the] treating source's opinion." 20 C.F.R. § 404.1527(d)(2).  As stated in Social Security Ruling 96-2p:

> [A] finding that a treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected.  Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 CFR 404.1527 and 416.927.  In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight.

SSR 96-2p, 1996 WL 374188, *4 (July 2, 1996).  Accordingly, "the notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and *must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight*." *Id.* at *5 (emphasis added).

Here, Dr. Baxley, a  neurologist that treated Plaintiff beginning in October of 2008, completed a "clinical assessment of pain" from which he opined that Plaintiff had "intractable" pain that "virtually incapacitated" her and "rendered her unable to function at a productive work level." Tr. at 526; *see also id.* at 21.  Dr. Baxley further noted that the pain should diminish to an "insignificant level in time, but may still be present," and indicated that Plaintiff would need to take unscheduled breaks every two to three hours. *Id.* at 527.  Dr. Baxley additionally stated that Plaintiff would need to be absent from work "[a]bout three days per month." *Id.*

The ALJ, in its decision, gave "less weight" to Dr. Baxley's opinions, specifically finding as follows:

8

[Dr. Baxley's assessments] are not consistent with his own findings or the medical record as whole. His assessments are too restrictive considering his mild findings. They appear to be based on the claimant's subjective complaints. A cervical MRI revealed only mild cervical degenerative disc disease but no other significant cervical or thoracic stenosis was appreciated. In November 2008 [Plaintiff] had tenderness in the lumbar spine and upper extremities and lower extremities strength was 4+/5 but in February 2009 bilateral strength in upper extremities and lower extremities was 5/5 and sensation and gait were intact with an essentially normal exam.

In October 2007, a left lower extremity EMG/NCV was fairly normal with no sign of left tibial mononeuropathy, peloxopathy, myopathy, peripheral neuropathy or radiculopathy. In January 2008, her mobility was intact and elbows and shoulders appeared normal. Although her neck muscles and low back were tender there was no swelling. In August 2008, she had full range of motion of the lower extremities; gait was normal and deep tendon reflexes were 2+. Walking was without difficulty and sensation was intact to light touch.

Although findings suggest fibromyalgia, they do not appear to be severe enough as to preclude her from performing at least medium exertional work activity with the limitations mentioned in the beginning of this finding.

*Id.* at 21-22.

The ALJ concluded that certain findings "*suggest[ed]* fibromyalgia." *Id.* at 22 (emphasis added). However, the Magistrate Judge noted that both Dr. Agha, a rheumatologist, and Dr. Baxley, a neurologist, diagnosed Plaintiff with fibromyalgia. *See id.* at 362, 366, 522. In addition, Dr. Sherrill, a neurologist, suspected fibromyalgia. *See id.* at 332-33. The Magistrate Judge further noted that Plaintiff cited evidence in the record of Plaintiff's pain and treatment for it, including pain medications, injections, and a cane. Plaintiff's Brief [Docket Entry 9] at 6. In light of this evidence in the record, the Magistrate Judge reiterated that "if an ALJ f[ound] that a treating source medical opinion [was] not entitled to controlling weight because it was inconsistent with other substantial evidence, the opinion is 'still entitled to deference and must be weighed using all the factors provided in [20 C.F.R. § 416.927].'" R & R at 12 (quoting SSR 96-2p, 1996 WL 374188, *4).

Accordingly, the Magistrate Judge recommended that the ALJ's decision should be reversed, and "upon remand, the ALJ should be instructed to state the weight given to Dr. Baxley's opinion and evaluate the opinion as discussed above." *Id.*

The Commissioner objects to the Magistrate Judge's recommendation that this matter be reversed and remanded based on the ALJ's failure to "state the weight given to Dr. Baxley's opinion." R & R at 12. The Commissioner contends that the ALJ properly considered the relevant factors in the regulations and that "[t]he implicit finding of the ALJ's statement[–"less weight"–]was that the ALJ gave little weight to Dr. Baxley's opinion." Obj. at 1 (citing *Brewton v. Astrue*, No. 1:09cv188, 2010 WL 3259800, at *10 (W.D.N.C. July 26, 2010)).

Having reviewed the ALJ's decision, the undersigned agrees with the Magistrate Judge that remand is appropriate based on the ALJ's failure to state the weight given to Dr. Baxley's treating opinion. In stating that "less weight" was given to the opinion, the court does agree with the Commissioner that it is reasonable to infer that the ALJ did not accord "controlling weight" to Dr. Baxley's opinion. However, the decision not to give "controlling weight" to Dr. Baxley's opinion does not necessarily mean that the opinion should be rejected. To the contrary, the opinion is "still entitled to deference and must be weighed using all the factors provided in 20 CFR 404.1527 and 416.927." SSR 96-2p, 1996 WL 374188, at *4. As a matter of fact, "[i]n many cases, a treating source's medical opinion will be entitled to the greatest weight . . . even if it does not meet the test for controlling weight." *Id.* Moreover, the ALJ's decision "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Id.* at *5. Here, the ALJ's decision was not sufficiently clear as to what weight was given to Dr. Baxley's opinion. Even if the court can infer that "less

weight" means some weight less than "controlling," it is still not sufficiently clear from the ALJ's report what weight, if any, was accorded to Dr. Baxley's opinion.[1]  Without knowing specifically the weight accorded to Dr. Baxley's opinion, the undersigned is unable to properly apply the substantial evidence test to the ALJ's decision to discredit, or possibly disregard entirely, Dr. Baxley's treating source opinion.  Thus, the court agrees with the Magistrate Judge that this matter should be remanded so that the ALJ can make sufficiently clear what weight is given to Dr. Baxley's opinion, and upon remand, the ALJ should be certain to evaluate Dr. Baxley's opinion in accordance with all of the factors provided in 20 C.F.R. § 416.927.

III.    Subjective Complaints

Plaintiff also argues that the ALJ improperly analyzed the credibility of her statements concerning pain.  In the R & R, the Magistrate Judge concluded that the ALJ's decision should be remanded for further evaluation of Plaintiff's credibility, because "the ALJ appears to have relied exclusively on the lack of objective evidence in making [the] credibility determination." R & R at 17.

Under 20 C.F.R. § 404.1529(b), "the determination of whether a person is disabled by pain or other symptoms is a two-step process." *Craig*, 76 F.3d at 594.  The threshold requirement is that there be "a showing by objective [medical] evidence of the existence of a medical impairment which could reasonably be expected to produce the actual pain, in the amount and degree, alleged by the [plaintiff]." *Id.* (internal quotations omitted).   Once the ALJ concludes that this threshold

---

[1] For example, the ALJ's statement "less weight" could mean any of the following: the accorded weight was less than controlling, but greater than the weight given to other physician's opinions; the accorded weight was less than that given to the other physician's opinions; or the opinion was given no weight whatsoever.

requirement has been met, the ALJ must evaluate "the intensity and persistence of the [plaintiff's] pain, and the extent to which it affects her ability to work." *Id.* at 595. "This evaluation must take into account not only the [plaintiff's] statements about her pain, but also 'all the available evidence,' including the [plaintiff's] medical history, medical signs, and laboratory findings; any objective medical evidence of pain . . . ; and any other evidence relevant to the severity of the impairment, such as evidence of the [plaintiff's] daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it."[2] *Id.* (citations omitted). The ALJ may not disregard or discredit the plaintiff's statements about pain "solely because they are not substantiated by objective medical evidence." SSR 96-7p, 1996 WL 374186, *1 (July 2, 1996); *see also Craig*, 76 F.3d at 595. The Fourth Circuit has held that once a plaintiff meets the "threshold obligation of showing by objective medical evidence a condition reasonably likely to cause the pain claimed, [the plaintiff is] entitled to rely exclusively on subjective evidence to prove the second part of the test, *i.e.*, that [the] pain is so continuous and/or severe that it prevents [the plaintiff] from working a full . . . day." *Hines v. Barnhart*, 453 F.3d 559, 565 (4th Cir. 2006). However,

> [t]his is not say . . . that objective medical evidence and other objective evidence are not crucial to evaluating the intensity and persistence of a claimant's pain and the extent to which it impairs her ability to work. They most certainly are. Although a claimant's allegations about her pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not

---

[2] Specifically, the following factors relevant to one's pain and symptoms will be considered by the ALJ: (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate the pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment that the individual uses or has used to relieve pain or other symptoms (i.e., lying flat on one's back, standing for 15 to 20 minutes each hour, etc.); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. *See* 20 C.F.R. § 404.1529(c)(3).

be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the pain the claimant alleges she suffers[.]

*Craig*, 76 F.3d at 595. Finally, the ALJ's "determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p, 1996 WL 374186, *4.

In our case, the ALJ found "that the claimant's medically determinable impairments could [have] reasonably be[en] expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms [were] not credible to the extent they [were] inconsistent with the [ALJ's] residual functional capacity assessment." Tr. at 19. Upon review, the ALJ's analysis appears to focus on certain objective medical evidence, and it is not clear whether he actually considered all the required factors. The Commissioner argues in his objections that the ALJ relied on the "entire record" and "discussed Plaintiff's daily activities prior to making his credibility determination." Obj. at 2. However, while the ALJ's decision does note Plaintiff's daily activities, this appears to be more of a recitation of Plaintiff's testimony from the hearing and the court is unable to clearly determine whether the ALJ considered any of this evidence of daily activities in making his credibility determination. Other courts have noted the importance of these other factors in cases such as this one, where the plaintiff suffers from fibromyalgia: "In the case of fibromyalgia, where symptoms are subjective . . . , it would seem particularly inappropriate to limit a Step Two analysis to consideration of certain objective

13

medical evidence and neglect other factors, such as pain medication, daily activities, and aggravating factors." *Gavigan v. Barnhart*, 261 F. Supp. 2d 334, 342 n.11 (D. Md. 2003). Therefore, out of an abundance of caution and because the matter is being remanded anyway due to the ALJ's failure to state the weight given to Dr. Baxley's opinion, the ALJ is also instructed upon remand "to evaluate the plaintiff's subjective complaints in accordance with the foregoing." R & R at 17.

### Conclusion

The court has thoroughly reviewed the entire record, including the R & R and objections, and applicable law. For the reasons set forth above and by the Magistrate Judge, the Court hereby overrules the Commissioner's objections and adopts and incorporates by reference the R & R of the Magistrate Judge. The Commissioner's decision is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and the case is **REMANDED** to the Commissioner for further proceedings as set forth herein.

**IT IS SO ORDERED.**

s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
August 25, 2011

14